UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

ROBERT McFEE,                                CASE NO: 1:19-cv-22917-JAL

    Plaintiff,

v.

CARNIVAL CORPORATIONa
Panamanian Corporation d/b/a
CARNIVAL CRUISE LINES

    Defendant.
_____/

## DEFENDANT, CARNIVAL CORPORATION'S MOTION TO DISMISS

Defendant, CARNIVAL CORPORATION d/b/a CARNIVAL CRUISE LINES, by and through undersigned counsel and pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, hereby moves to dismiss Counts I, V, and VI of Plaintiff's Complaint, and in support thereof would state as follows:

### INTRODUCTION

1. This is a maritime medical malpractice action brought by Plaintiff ROBERT McFEE arising from an incident that occurred on or about September 21, 2018 involving care and treatment rendered aboard the Carnival *Pride*. [DE 1]

2. Plaintiff's Complaint alleges the following counts against Carnival: Count I – Negligence; Count II- Vicarious Liability for the Negligence of the Ship's Medical Staff; Count III- Apparent Agency Against Defendant for the Acts of the Ship's Medical Staff; Count IV- Assumption of Duty-Negligence of the Ship's Medical Staff; Count V- Non-Delegable Duty to Provide Reasonable Medical Care; and Count VI- Fraud.

23787702.v1

3.  Carnival hereby moves to dismiss Counts I, IV and VI for failing to state a claim upon which relief may be granted.

**MEMORANDUM OF LAW**

**I.   LEGAL STANDARD**

In order for Plaintiff to state a valid claim against Carnival, Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." While a court, at this stage of the litigation, must consider the allegations contained in the plaintiff's complaint as true, this rule "is inapplicable to legal conclusions." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Conclusory allegations, unwarranted deductions of facts, or legal conclusions masquerading as facts will not prevent dismissal. Oxford Asset Mgmt. v. Jaharis, 297 F.3d 1182, 1188 (11th Cir. 2002). Rather, the complaint's allegations must include "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. (*citing* Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Thus, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (*citing* Twombly, 550 U.S. at 555). Therefore, to survive a motion to dismiss, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (*quoting* Twombly, 550 U.S. at 570).

A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. The plausibility standard requires more than a sheer possibility that a defendant has acted unlawfully. Id. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief. Id. Determining

whether a complaint states a plausible claim for relief is a context-specific undertaking that requires the court to draw on its judicial experience and common sense. Id. at 679.

## II. THIS ACTION IS GOVERNED BY GENERAL MARITIME LAW

Incidents occurring on the navigable waters and/or bearing a significant relationship to traditional maritime activities are governed by general maritime law. Kermarec v. Compagnie Generale Transatlantique, 358 U.S. 625, 632 (1959); Kornberg v. Carnival Cruise Lines, Inc., 741 F. 2d 1332, 1334 (11th Cir. 1984); Hallman v. Carnival Cruise Lines, Inc. 459 So.2d 378, 379 (Fla. 3d DCA 1984). It is well-settled that the law governing passenger suits against cruise lines is the general maritime law. Everett v. Carnival Cruise Lines, Inc., 912 F.2d 1355, 1358 (11th Cir. 1990); Keefe v. Bahama Cruise Line, Inc., 867 F.2d 1318 (11th Cir. 1989). The Complaint alleges that the subject incident occurred while Mr. McFee was a passenger aboard the Carnival *Pride*. [D.E. 1 at ¶4]. Accordingly, general maritime law applies.

## III. PLAINTIFF'S CLAIM FOR NEGLIGENCE (Count I of the Complaint) SHOULD BE DISMISSED

As a threshold matter, it is unclear from the allegations asserted in Count I whether Plaintiff seeks to hold Carnival directly or vicariously liable for the purported acts of negligence. Such ambiguity requires dismissal of the claim or a better statement because pleading a negligence claim together with a vicarious liability claim is improper, confusing, and violates Fed. R.Civ. P. 10(b). See e.g. Flaherty v. Royal Caribbean Cruises, Ltd., 2015 WL 8227674 at *5 (S.D. Fla. Dec. 7, 2015)(dismissing claim where plaintiff plead two distinct failure to warn claims in a single count, as these were "distinct" claims and amending the complaint would promote clarity for the parties and the Court").

Even if a hybrid pleading practice was construed to be appropriate, direct liability for the acts of third parties is not a viable theory under the law. Witover v. Celebrity Cruises, Inc., 161

F.Supp.3d 1139, 1149 (S.D. Fla. 2016). The Court has previously addressed this type of problem in *Witover*, when the plaintiff similarly attempted to assert allegations of direct negligence against a carrier for the actions of a tour operator. In granting the defendant's motion to dismiss, your Honor reasoned:

> "The Court is unaware of any legal theory that would permit plaintiff to hold Celebrity directly liable for the acts of another. Any liability for the misconduct of the tour guide would be vicarious-not direct."

Id. at 1149; *see also* Flaherty v. Royal Caribbean Cruises, Ltd., 2015 WL 8227674, at *5 (S.D. Fla. Dec. 7, 2015). Accordingly, Carnival respectfully requests Count I be dismissed for improperly commingling direct and vicarious theories of liability.

Nevertheless, in an abundance of caution, Carnival would further suggest that Count I warrants dismissal for failing to state a claim upon which relief may be granted. Specifically, subparts (a) through (e) in Count I of Plaintiff's Complaint are essentially asserting negligent hiring and retention claims. Negligent hiring occurs when, prior to the time the employee or independent contractor is actually hired, the employer knew or should have known of an employee or independent contractor's unfitness. *See* Tello v. Royal Caribbean Cruises, Ltd., 939 F.Supp. 2d 1269, 1276 (S.D. Fla. 2013); Garcia v. Duffy, 492 So.2d 435, 438 (Fla. 2d DCA 1986). The issue of liability focuses primarily upon the adequacy of the employer's pre-employment investigation into the employee or independent contractor's background. *See* Tello, 939 F. Supp. 2d at 1276. However, to state a cause of action for the tort of negligent hiring or retention, a plaintiff must allege that (1) the employee/contractor was incompetent or unfit to perform the work; (2) the employer knew or reasonably should have known of the particular incompetence or unfitness; and (3) the incompetence or unfitness was a proximate cause of the plaintiff's injury. *See* Doe v. NCL (Bahamas) Ltd., 2016 U.S. Dist. LEXIS 150817 at *8 (S.D. Fla. Oct. 27, 2016); Witover v.

Celebrity Cruises, Ltd., 161 F.Supp. 3d 1139, 1148 (S.D. Fla. 2016); Smolnikar v. Royal Caribbean Cruises, Ltd., 787 F.Supp. 2d 1308 (S.D. Fla. 2011). The principal difference between negligent hiring and retention as a basis for employer liability is the time at which the employer is charged with knowledge of the employee or independent contractor's unfitness. *See* Tello, 939 F.Supp. 2d at 1276; Garcia, 492 So.2d at 438. Liability for negligent retention occurs after employment begins, where the employer knows or should know of an employee's unfitness and fails to take action such as investigating, discharge or reassignment. Mumford v. Carnival Corp., 7 F.Supp. 3d 1243, 1249 (S.D.Fla.2014).

To satisfy the second element of a negligent hiring or retention claim, a plaintiff must allege facts showing that Carnival was put on notice of the harmful propensities of the employee or independent contractor. *See* Doe, 2016 U.S. Dist. LEXIS 150817 at *8-9; Flaherty v. Royal Caribbean Cruises, Ltd., 172 F.Supp. 3d 1348, 1351-52 (S.D. Fla. 2016); Tello, 939 F.Supp. 2d at 1276; Stires v. Carnival Corp., 243 F.Supp. 2d 1313, 1318 (M.D. Fla. 2002). Where a complaint only contains conclusory or boilerplate allegations as to Carnival's knowledge of any particular incompetence or unfitness, a claim for negligent hiring or retention should be dismissed for failure to state a claim. *See e.g.* Doe, 2016 U.S. Dist. LEXIS 150817 at *8-9 (dismissing claim for negligent hiring or retention where "Plaintiff allege[d] no facts whatsoever to create a plausible inference that Defendant either 'knew or reasonably should have known of [any] particular incompetence or unfitness' or the incompetence that Defendant knew or should have known of caused Plaintiff's injury")(emphasis in original); Gittel v. Carnival Corp., 2015 U.S. Dist. LEXIS 75823 at *5-6 (S.D. Fla. 2015)(dismissing claim for negligent hiring and retention where "the complaint contain[ed] only conclusory allegations as to Carnival's knowledge or any particular incompetence or unfitness," which allegations were "no more than a threadbare recital of the

'knowledge' element of this cause of action" with "no factual content sufficient to support it"); Summers v. Carnival Corp., 2015 U.S. Dist. LEXIS 180787 at *15 (S.D. Fla. April 6, 2015)(granting motion to dismiss "because Plaintiff has failed to allege facts that are suggestive enough to render each element of his claim for negligent hiring, retention and training plausible"); Tello, 939 F.Supp. 2d at 1276 (dismissing claim for negligent hiring or retention where cruise passenger "allege[d] no facts indicating that Royal Caribbean's crewmembers were unfit for employment and that Royal Caribbean knew or should have known of their unfitness"); Gavigan v. Celebrity Cruises Inc., 843 F.Supp. 2d 1254, 1261 (S.D. Fla. 2011)(noting that plaintiff only asserted conclusory allegations in claim for negligent selection and ruling that "[t]he absence of any facts to support a negligent selection claim requires dismissal").

Here, Count I does not allege that Carnival knew or should have known of any factually specific incompetence or unfitness of the doctors, nurses or other medical personnel that cared for or treated Mr. McFee. Rather, Plaintiff's Complaint contains only conclusory allegations asserting that Carnival failed to conduct an appropriate investigation into the backgrounds of the doctor and nurses. [D.E. 1 ¶ 19(a)] Accordingly, Count I warrants dismissal as a matter of law.

Additionally, Plaintiff also alleges that Carnival breached a duty of reasonable care by failing to "undertake reasonable measures to ensure its physicians, nurses, and other medical personnel understood the standard of care for emergency physicians, including but not limited to, the need to send Plaintiff to a proper medical facility that could adequately treat him, give him proper discharge instructions, and ensuring that Plaintiff as recriving treatment he needed before the ship left port." [D.E. 1, ¶ 19(e)] However, Carnival is under no obligation to train, supervise or instruct shipboard medical staff. See Mumford v. Carnival Corp., 7 F.Supp. 3d 1243, 1248 (S.D. Fla. 2014); Farrell v. Royal Caribbean, 2013 U.S. Dist. LEXIS at *7 (S.D. Fla. January 2,

2013); Wajnstat v. Oceania Cruises, Inc., 2011 WL 465340 at *3 (S.D.Fla. Feb. 4, 2011)Hill v. Celebrity Cruises, Inc., 2010 WL 11442595 at *5 (S.D. Fla. 2010); Rinker v. Carnival Corp., 2010 U.S. Dist. LEXIS 144910 at *7 (S.D. Fla. 2010)(dismissing with prejudice allegation that Carnival failed to adequately train, instruct, or supervise medical staff, as no such duty exists). Therefore, as Carnival has no duty, as a matter of law, to train or instruct, medical staff, Carnival respectfully requests paragraphs 19(e) be dismissed with prejudice.

## IV. PLAINTIFF'S CLAIM FOR NON-DELEGABLE DUTY (Count V of the Complaint) SHOULD BE DISMISSED

Next, Count V of Plaintiff's Complaint attempts to assert a non-delegable duty against Carnival. However, aside from labeling the Count as such, there are no specific allegations asserted or even a rational basis that could be implied to justify such a novel theory. Instead, Count V is essentially a recital of the allegations contained in prior Counts with the exception that it includes a "non-delegable" label at the subject heading. Plaintiff does not attempt to allege what specific duties are purportedly "non-delegable," or more importantly, why such duties are non-delegable.

However, even if sufficiently pled, this misplaced theory of liability has already been specifically rejected by Judge Frederico Moreno in Sexton v. Carnival Corp., 2018 WL 3405246 (S.D. Fla. July 10, 2018) who reasoned:

> "While this Court recognizes that *Franza*[1] changes the prior legal landscape, there is no language to support the creation of a non-delegable duty. Plaintiff has not cited any statutory authority or case law to support this assertion. Accordingly, the Court grants the motion to dismiss." Id. at *3.

---

[1] In Franza v. Royal Caribbean Cruises, Ltd., 772 F.3d 1225, 1253 (11th Cir. 2014), the Eleventh Circuit determined that a carrier may be held vicariously liable for the negligence of its shipboard physicians. However, the plaintiff in *Franza* only pursued vicarious liability theories and did not argue that the cruise line directly violated any duty related to medical care.

23787702.v1

## V.   PLAINTIFF'S CLAIM FOR FRAUD (Count VI of the Complaint) SHOULD BE DISMISSED

Rule 9(b) of the Federal Rules of Civil Procedure provides that a party must state with particularity the circumstances constituting fraud. Odion v. Google Inc., 628 F. App'x. 635, 637 (11th Cir. 2015) (quoting Garfield v. NDC Health Corp., 466 F. 3d 1255, 1262 (11th Cir. 2006). "Dismissal is appropriate if the complaint, on its face, does not state a plausible claim for relief." Id. "The purpose of Rule 9(b) is to alert defendants to the precise misconduct with which they are alleged and protect defendants against spurious charges." Dugas v. 3M Co., 101 F. Supp.3d 1246, 1254 (M.D. Fla. 2015) (quoting United States ex rel. Maheny v. Medco Health Sols., Inc., 671 F.3d 1217, 1222 (11th Cir. 2012). Dolan v. JetBlue Airways Corp., Case No.18-62193, 2019 WL 2443527 *2 (S.D. Fla. May 28, 2019).

To properly plead a fraud claim, a plaintiff must allege: (1) a false statement concerning a material fact; (2) knowledge by the person making the statement that the representation is false; (3) an intention that the representation induces another's reliance; and (4) consequent injury by the other party acting in reliance on the representation." Alvarez v. Royal Caribbean Cruises Ltd., 905 F. Supp. 2d 1334, 1342 (S.D. Fla. 2012).   Each element must be pled with particularity. Gibson v. NCL (Bahamas) Ltd., Case No. 11-24343, 2012 WL 1952667 *6 (S.D. Fla. Mar. 30, 2012) (dismissing claim for negligent misrepresentation which merely alleged that the cruise line represented shore excursions to be "safe, reliable and insured.").   To the extent that the claim seeks to rely on public representations as to cruise ship amenities, it is well accepted that such statements are non-actionable "puffery and sales talk." See Alvarez v. Royal Caribbean Cruises, Ltd., 905 F. Supp. 2d at 1342; Carnival Corp. v. Rolls-Royce PLC, 2009 WL 3861482 *3 (S.D. Fla. Nov. 7, 2009); Hill v. Celebrity Cruises, Inc., 2011 WL 5360629 *7 (S.D. Fla. Sept. 14, 2011).

Applying this standard to the Plaintiff's Complaint, it is clear that the majority of Count VI offers oblique allegations relating to a travel insurance policy Plaintiff purportedly purchased, and representations by an unidentified sales agent, for example:

> 91. *Defendant offered [plaintiff] a traveler's insurance policy and said that if [he] purchased it, Defendant would ensure that he would be adequately treated if he suffered a stroke, and that he would be flown back to the United States for medical treatment if he was unable to be treated on the ship.*

As Paragraph 91 demonstrates, the allegations contained in Count VI are far too vague to survive application of the Rule 9(b) standard. In particular, there are no specific references to the terms and conditions of the travel insurance policy, nor are there allegations outlining precisely what was stated by the unidentified sale representative that was inconsistent. There is no specificity as to whether what was allegedly said was in writing or oral, and when and by whom the statement was made. Even more centrally, the allegation does not implicate a material fact: on its face it refers to a representation as to some vague hypothetical scenario that may or may not occur in the future. Notably, "a general promise that a trip will be safe and reliable does not constitute a guarantee that no harm will befall a plaintiff in a maritime negligence suit." Carmouche v. Carnival Corp., Case. No. 13-62584, 2014 WL 12580521 *8 (S.D. Fla. May 15, 2014). Therefore, it is not reasonable to interpret hypothetical statements as to coverage afforded by a travel insurance policy as false representations of material fact supporting a cause of action for fraud.

In apparent recognition of the lack of any actionable statements, plaintiff alleges that a fraud by omission occurred. The following allegations are illustrative:

> 88. *Defendant at all relevant times prior to and during the subject cruise, undertook to disclose to the plaintiff some information about the ship's medical staff and facilities that was material to his decision to go on the cruise.*

> **90.    *Defendant, by disclosing some material information to the plaintiff about the ship's medical staff and facilities, acquired a duty to fully disclose all relevant and/or material information regarding the same topics (i.e. to tell "the whole truth").***

Florida law recognizes a fraud claim based on omission of a material fact, so long as the defendant had some duty to disclose that fact to the plaintiff. Jones v. Santander Consumer USA, Inc., Case No. 16-14012, 2016 WL 11570406 *4 (S.D. Fla. Aug.12, 2016), *citing to* Behrman v. Allstate Life Ins. Co., 388 F. Supp. 2d 1346, 1351 (S.D. Fla. 2005) (rejecting claim as no duty of disclosure unless one part owes a duty to the other to act for that party's benefit or protection). In context, this doctrine is reserved for very limited and concrete situations, such as a bank seeking to sell a repossessed car without disclosing that it had been repaired from a state of total loss. Jones, 2016 WL 11570406 at *1. However, this doctrine cannot be stretched so far as to support a fraud claim against Carnival for something as vague as "not telling the whole truth" about the ship's medical staff and facilities, especially in the context of rendering medical care which could involve innumerable circumstances.

Nevertheless, Count VI is replete with insufficient and self-contradictory allegations. For example, Plaintiff alleges that he was told he would be "adequately treated if he suffered another stroke" (an affirmative misrepresentation) and was not told that Carnival was "unable to ensure that he would be promptly taken care of" (an alleged failure to disclose). ¶¶ 91-92. Plaintiff alleges he was induced to go on the cruise by the defendant's "deliberate failure to disclose its entire knowledge and information on these topics" as well as "deliberate false assurances it made to [him]. ¶ 98. He alleges that had defendant "disclosed the whole truth regarding these issues" he would not have taken the cruise. ¶ 99. These allegations, separately and in the aggregate, are far too vague and conclusory to survive a motion to dismiss. Count VI should be dismissed as it fails to state any actionable fraud.

23787702.v1

Aside from their facial insufficiency, the allegations are disingenuous in that, as a condition to booking the cruise, plaintiff received and acknowledged a Passenger Ticket Contract.[2] Case law in this district has established that a Passenger Ticket Contract – in particular Carnival's Passenger Ticket Contract – imposes conditions and limitations on passengers that are binding on those who purchase, accept and use it. Terry v. Carnival Corp., Case No. 13-20571, 2014 WL 11804563 *2 (S.D. Fla. Feb. 12, 2014) (granting motion for judgment on the pleadings to Carnival on fraud claim defeated by specific wording of ticket contract). In his Complaint, Plaintiff affirmatively alleges the applicability of the Passenger Ticket Contract's forum selection clause, but neglects to attach the Passenger Ticket Contract to the Complaint.[3] This is likely due to the provisions in it that are diametrically opposed to his theory of the case, for example:

1. DEFINITIONS AND SCOPE OF CONTRACT

   (e) This ticket is valid only for the person(s) named hereon as Guests and cannot be transferred or modified without Carnival's written consent. The acceptance or use of this ticket by the person(s) named hereon as Guests shall be deemed acceptance and agreement by each of them to all the terms and conditions of the cruise Contract.

   (g) Except as otherwise expressly provided herein, the contract constitutes the entire agreement between Carnival and Guest and supersedes all other agreements, written or oral. Any alteration to any term of this contract must be in writing and authorized by Carnival.

2. NATURE OF CRUISE, TRAVEL DOCUMENTATION AND GUEST'S OBLIGATIONS

   (a) **.... While at sea or in port the availability of medical care may be limited or delayed. Guest acknowledges that all or part of their voyage may be in areas where medical care and evacuation may not be available.**

---

[2] An exemplar of the Ticket Contract between Carnival and plaintiff as attached as Exhibit A.
[3] This Court can consider the Ticket Contract as a matter of law. See Wajnstat v. Oceania Cruise Lines, Inc., 2011 WL 465340, *4 n. 2 (S.D. Fla. Feb. 4, 2011) (abrogated on other grounds by Franza v. Royal Caribbean Cruises, Ltd., 772 F. 3d 1225 (11th Cir. 2014) (ticket contract is not outside of the pleadings because the complaint specifically referred to it and because the contract is central to plaintiff's claims).

    5.    FITNESS TO TRAVEL, SPECIAL NEEDS, PREGNANCY, INFANTS AND DISEMBARKATION

    (a)    The Guest warrants that he and those traveling with him are physically and emotionally fit to travel at the time of embarkation, and further warrants that such Guests have no medical or emotional condition that would endanger any Guest or crewmembers or result in a deviation of the voyage.

[See Ex. A]

Accordingly, it is undisputedly clear that Paragraph 2(a) entails an acknowledgement by the Guest that during the cruise the availability of medical care may be limited or delayed – and a specific acknowledgement that "all or part of their voyage may be in areas where medical care and evacuation may not be available." Moreover, in the Passenger Ticket Contract the Guest affirmatively warrants that he is physically fit to travel and has no medical conditions that could result in a deviation of the voyage. ¶ 5(a) In acknowledging these contract terms the Plaintiff also acknowledged that "the contract constitutes the entire agreement between Carnival and Guest and supersedes all other agreements, written or oral." ¶1(g) (emphasis added) Reliance, to support a fraud claim, must be reasonable, and reliance on a fraudulent misrepresentation is unreasonable as a matter of law where the alleged misrepresentations contradict the express terms of the ensuing written agreement. Terry v. Carnival Corp. at *2. Simply put, Plaintiff's allegations that suggest he was promised certain medical facilities or transport cannot be squared with the language of section 2 (a) of the Ticket Contract, supra.

Finally, Count VI does not specifically allege any contractual obligations on the part of Carnival. However, the allegations taken as a whole appear to imply an obligation (and possibly also a breach) of Carnival based on a travel insurance policy Plaintiff was purportedly induced to purchase. This type of claim is specifically prohibited and Carnival would therefore further seek to dismiss Count VI to the extent it is masquerading as a breach of contract claim. See e.g. Gentry

23787702.v1

v. Carnival Corp., 2011 WL 4737062 (S.D. Fla. 2011). Alternatively, it is axiomatic that the travel insurance policy to which Plaintiff refers in Count VI is equally central to his claim and should therefore be incorporated into any amended complaint so that it can be compared to any allegations that Carnival made actionable misrepresentations regarding it.

## CONCLUSION

For the foregoing reasons stated herein, Defendant, CARNIVAL CORPORATION, respectfully requests entry of an Order dismissing Counts I, V, and VI of Plaintiff's Complaint.

Respectfully submitted,

s/ Michael J. Drahos
GOLDBERG SEGALLA, LLP
Michael J. Drahos, Esquire
Florida Bar No. 0617059
222 Lakeview Avenue, Suite 800
West Palm Beach, FL 33401
Telephone: (561) 618-4450
Fax: (561) 618-4549
Email designations:
mdrahos@goldbergsegalla.com
lparker@goldbergsegalla.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 15, 2019, the foregoing document was electronically filed with the Clerk of the /court using CM/ECF to the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/Michael J. Drahos
Michael J. Drahos

SERVICE LIST
CASE NO.: 1:19-cv-22917-JAL

Spencer M. Aronfeld, Esq.
Matthias M. Hayashi, Esq.
ARONFELD TRIAL LAWYERS
1 Alhambra Plaza / Penthouse
Coral Gables, FL 33134
Telephone: (305) 441-0440
Facsimile: (305) 441-0198
aronfeld@aronfeld.com
mhayashi@aronfeld.com

23787702.v1