UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

ROBERT McFEE,  CASE NO: 1:19-cv-22917-JAL

    Plaintiff,

v.

CARNIVAL CORPORATION, a
Panamanian Corporation d/b/a
CARNIVAL CRUISE LINES

    Defendant.
_____/

## DEFENDANT, CARNIVAL CORPORATION'S RENEWED MOTION TO DISMISS

Defendant, CARNIVAL CORPORATION d/b/a CARNIVAL CRUISE LINES, by and through undersigned counsel and pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, hereby moves to dismiss Counts I, II, III, IV, V, VI, and XIX of Plaintiff's First Amended Complaint [DE 24], and in support thereof would state as follows:

### INTRODUCTION

This is a maritime medical malpractice action brought by Plaintiff ROBERT McFEE arising from an incident that occurred on or about September 21, 2018. The Court's September 16, 2019 Order summarizes the very few allegations of fact which comprise the basis for the Plaintiff's claim. [DE 18 at pp. 1-3] Plaintiff's original Complaint alleged the following counts against Carnival: Count I – Negligence; Count II- Vicarious Liability for the Negligence of the Ship's Medical Staff; Count III- Apparent Agency Against Defendant for the Acts of the Ship's Medical Staff; Count IV- Assumption of Duty-Negligence of the Ship's Medical Staff; Count V- Non-Delegable Duty to Provide Reasonable Medical Care; and Count VI- Fraud. Carnival moved

1

to dismiss Counts I, V, and VI for failing to state a claim upon which relief may be granted. Among other issues, Carnival challenged the shotgun nature of the pleading, and the legal insufficiency of some of the laundry-listed allegations. It specifically challenged the fraud claim on the basis that it did not state a claim for fraud by omission and it did not satisfy the requisites of Rule 9(b), Fed. R. Civ.P. with respect to fraud allegations. [DE 8]

On September 16, 2019, the Court entered its Order granting Carnival's motion. [ECF No. 18] The Court dismissed Count I, alleging negligence, on the basis that it was a shotgun pleading. The order did not reach Carnival's challenges to certain of the laundry-listed allegations. The Court dismissed the fraud claim (Count VI) as being based on an incorrect legal theory: emphasizing that the circumstances of an affirmative misrepresentation claim must be alleged with particularity. Count V (non-delegable duty) was dismissed with prejudice.

Additionally, the Court sua sponte struck Counts II, III and IV for failure to comply with federal pleading standards. Count II (Vicarious Liability for Medical Staff), Count III (Apparent Agency for Medical Staff), and Count IV (Assumption of Duty for Medical Staff) were deemed shotgun pleadings, and the Court instructed Plaintiff that the claims could be repled "consistent with federal pleading standards and to the extent the claims are supported by specific factual allegations." In sum the original complaint was entirely dismissed.

The Amended Complaint seemingly goes far afield of the Court's intentions and Carnival's expectations. It is a full 58 pages and the allegations of facts, comprising fewer than ten paragraphs, is now followed by more than 350 numbered paragraphs in nineteen counts: each replete with boilerplate allegations wholly untethered to any specific factual allegations.

The counts of the Amended Complaint [with the specific ones addressed in this Renewed Motion to Dismiss boldfaced] are:

| | |
|---|---|
| **Count I** | **Assumption of Duty (Negligent Hiring and/or Retention)** |
| **Count II** | **Assumption of Duty (Negligent Supervision and/or Training)** |
| **Count III** | **Assumption of Duty (Failure to Adequately Warn)** |
| **Count IV** | **Assumption of Duty (Failure to Adequately Warn Regarding Licensing)** |
| **Count V** | **Assumption of Duty (Failure to Adequately Warn Regarding Treatment)** |
| **Count VI** | **Assumption of Duty (Leaving Port without Adequately Following Up)** |
| Count VII | Assumption of Duty (Inadequate Suppling [sic] and/or Treating in Regards to Defendant's Medical Center) |
| Count VIII | Assumption of Duty (Failure to Medivac Plaintiff and/or to Arrange for Plaintiff to be promptly taken back to the United States to Receive the Treatment Needed) |
| Count IX | Vicarious Liability for Negligence of Medical Staff -- Failure to Adequately Examine, Diagnose and/or Treat Plaintiff's Injuries |
| Count X | Vicarious Liability for Negligence of Medical Staff -- Failure to take Proper and Timely Measures to Secure Adequate Treatment for Plaintiff |
| Count XI | Vicarious Liability for Negligence of Medical Staff -- Failure to Adequately Escort Plaintiff and/or follow up with Plaintiff to Ensure that he Received Reasonable Medical Care |
| Count XII | Vicarious Liability for Negligence of Medical Staff -- Failure to give Plaintiff Proper Discharge Instructions |
| Count XIII | Vicarious Liability for Negligence of Medical Staff – (Failure to Medivac Plaintiff and/or to Arrange for Plaintiff to be Promptly Taken Back to the United States to Receive the Treatment Needed) |
| Count XIV | Apparent Agency Against Defendant for the Acts of Medical Staff --- Failure to Adequately Examine, Diagnose and/or Treat Plaintiff's Injuries |
| Count XV | Apparent Agency Against Defendant for the Acts of Medical Staff -- Failure to Take Proper and Timely Measures to Secure Adequate Treatment for Plaintiff |
| Count XVI | Apparent Agency Against Defendant for the Acts of Medical Staff -- Failure to Escort Plaintiff and/or Follow Up with Plaintiff to Ensure He Received Reasonable Medical Care |

Count XVII    Apparent Agency against Defendant for the Acts of Medical Staff -- Failure to Give Plaintiff Proper Discharge Instructions

Count XVIII   Apparent Agency against Defendant for the Acts of Medical Staff – Failure to Medivac Plaintiff and/or to Afor Plaintiff to be Promptly Taken Back to the United States to Receive the Treatment He Needed

**Count XIX    Fraud**

The Court would not be remiss in sua sponte dismissing the entire Amended Complaint again as a pleading which failed to comply with its Order. [See DE 18 at p. 11: "When a plaintiff files a shotgun complaint, a district court is required to sua sponte order repleading...." *See also* Muhammad v. Bethel, 430 Fed. Appx. 750, 753 (11th Cir. 1991) (approving sua sponte dismissal of a complaint after the Court provided clear instructions as to how to fix complaint's deficiencies); Brinson v. Welsh, 709 Fed. Appx. 582, 584 (11th Cir. 2017) (approving sua sponte dismissal of complaint which lacked factual content after magistrate offered plaintiffs opportunity to amend it to allege additional facts); American United Life Ins. Co. v. Martinez, 480 F. 3d 1043, 1069-70 (11th Cir. 2007) (approving sua sponte dismissal of first amended complaint's claim of fraud that failed to heed the court's caution that fraud must be pled with specificity); Shapiro v. Unum Ins. Co. of America, No. 17-cv-23992, 2018 WL 4868913, at *2 (S.D. Fla. March 26, 2018) (dismissing with prejudice, on motion, second amended complaint that was a shotgun pleading violating Rule 8). There is nothing in the Court's Order that suggests to Plaintiff that adding 13 additional counts to the complaint will satisfy federal pleading requirements. It was Plaintiff's burden to review his complaint and to be sure that each factual allegation is supported by law and plausible facts, and is alleged in good faith. Ceithami v. Celebrity Cruises, Inc., 207 F. Supp. 3d 1345, 1350(S.D. Fla. 2016) (dismissing confusing complaint which failed to match the few relevant facts to lengthy recitations).

Although Carnival respectfully suggests that another wholesale dismissal is in order, this motion focuses on the claims that were legally insufficient when they were laundry-listed in other claims, and remain so now. Its other focus is the fraud claim, which remains patently defective under the strictures of Rule 9(b).

## MEMORANDUM OF LAW

Turning to the legal grounds on which the specifically identified claims should be dismissed:

### COUNT I:
### Assumption of Duty (Negligent Hiring and/or Retention)

This count consists of 21 numbered paragraphs, conclusorily alleging that Carnival breached a duty not to hire medical personnel who it knew or should have known were dangerous, incompetent and unqualified. There are no facts alleged in support of this allegation. To state a cause of action for the tort of negligent hiring or retention, a plaintiff must allege that (1) the employee/contractor was incompetent or unfit to perform the work; (2) the employer knew or reasonably should have known of the particular incompetence or unfitness; and (3) the incompetence or unfitness was a proximate cause of the plaintiff's injury. *See* Doe v. NCL (Bahamas) Ltd., 2016 U.S. Dist. LEXIS 150817 at *8 (S.D. Fla. Oct. 27, 2016); Witover v. Celebrity Cruises, Ltd., 161 F.Supp. 3d 1139, 1148 (S.D. Fla. 2016); Smolnikar v. Royal Caribbean Cruises, Ltd., 787 F.Supp. 2d 1308 (S.D. Fla. 2011).[1] It does not suffice to simply say the entire medical staff was negligently hired, and to add in allegations as to the insufficiency of resources and other unrelated topics. This count should be dismissed and disallowed unless Plaintiff asserts an identifiable shortcoming, relating to an identified person, which causally

---

[1] Carnival's original motion to dismiss cites many more cases relevant to the pleading requirements for this cause of action.

5

resulted in an identified injury to Plaintiff. <u>McLaren v. Celebrity Cruises, Inc.</u>, No. 11-23924, 2012 WL 1792632, at *4 (S.D. Fla. May 6, 2012) (emphasizing that a plaintiff must allege ultimate facts as to the contracted party's lack of fitness; the defendant's actual or constructive knowledge and how the unfitness was a proximate cause of injury).

## COUNT II:
### Assumption of Duty (Negligent Supervision and/or Training)

This is another 21-paragraph boilerplate count that lacks any factual specificity and instead incorporates a wide array of allegations divorced from any targeted and/or factually supported legal theory. For example, in paragraphs 55-58 Plaintiff alleges the ship did not have tPA -- an intravenous treatment efficacious in some cases of stroke -- on board due to Carnival's failure to train medical staff, and he alleges causation in that "Plaintiff would not have gone on the subject cruise with Carnival had he known of Defendant's inadequate supervision and training of its medical personnel."

This pleading is not only fraught with generalities, extraneous issues and non-sequiturs: it is in derogation of established law. Carnival is under no obligation to train, supervise or instruct shipboard medical staff. See <u>Mumford v. Carnival Corp.</u>, 7 F.Supp. 3d 1243, 1248 (S.D. Fla. 2014); <u>Farrell v. Royal Caribbean</u>, 2013 U.S. Dist. LEXIS at *7 (S.D. Fla. January 2, 2013); <u>Wajnstat v. Oceania Cruises, Inc.</u>, 2011 WL 465340 at *3 (S.D.Fla. Feb. 4, 2011)<u>Hill v. Celebrity Cruises, Inc.</u>, 2010 WL 11442595 at *5 (S.D. Fla. 2010); <u>Rinker v. Carnival Corp.</u>, 2010 U.S. Dist. LEXIS 144910 at *7 (S.D. Fla. 2010)(dismissing with prejudice allegation that Carnival failed to adequately train, instruct, or supervise medical staff, as no such duty exists). This count is due to be dismissed.

6

## COUNT III:
### Assumption of Duty (Failure to Adequately Warn)

This count alleges that Carnival was negligent through failing to adequately warn Plaintiff that its medical staff was "dangerous, incompetent, unqualified, and/or liable to do harm." There is no such cause of action: either Carnival was negligent in its hiring and retention or it was not. There is no case law authority for the proposition that staffing the ship with dangerous, incompetent medical staff is acceptable so long as there is a warning. Cases such as Doria v. Royal Caribbean Cruises, Ltd., No. 1:19-cv-20179, 2019 WL 4023556, at *3 (S.D. Fla. Aug. 26, 2019) are distinguishable. Doria allowed a failure to warn claim to survive a motion to dismiss because of the facts allegedly showing the cruise line knew of a risk involving an ATV excursion. There is potential liability for failure to warn of dangers known in a particular place where the passenger is expected to visit. Koens v. Royal Caribbean Cruises, Ltd., 774 F. Supp. 2d 1215, 1219 (S.D. Fla. 2011) This doctrine has no applicability to operations for which, it is alleged, the cruise line is responsible for staffing.

In essence this count, and the two following, are watered-down versions of Plaintiff's unsuccessful efforts to plead fraud by omission. As argued by Carnival in its original motion, Florida law recognizes a fraud claim based on omission of a material fact, so long as the defendant had some duty to disclose that fact to the plaintiff. Jones v. Santander Consumer USA, Inc., Case No. 16-14012, 2016 WL 11570406 *4 (S.D. Fla. Aug.12, 2016), *citing to* Behrman v. Allstate Life Ins. Co., 388 F. Supp. 2d 1346, 1351 (S.D. Fla. 2005) (rejecting claim as no duty of disclosure unless one part owes a duty to the other to act for that party's benefit or protection). In context, this doctrine is reserved for very limited and concrete situations, such as a bank seeking to sell a repossessed car without disclosing that it had been repaired from a state of total loss. Jones, 2016 WL 11570406 at *1.

7

Carnival argued that this doctrine cannot be stretched so far as to support a fraud claim against Carnival for something as vague as "not telling the whole truth" about the ship's medical staff and facilities, especially in the context of rendering medical care which could involve innumerable circumstances. Here, the allegation is that Carnival's duty of reasonable care required it to warn Plaintiff as to its allegedly dangerous and incompetent medical staff. This is another version of the "whole truth" allegations and there is no legal basis on which it should bleed into negligence counts. To be sure there are some instances, in securities disclosures for example, in which even negligently omitted material information can support a cause of action. Plaintiff has not, and cannot, allege that any such duty exists in the instant context. This theory suffers, in addition, from a lack of any linkage between the alleged failures to warn and causation. Plaintiff alleges that his stroke symptoms were not promptly and properly treated: the allegedly insufficient warnings did not proximately cause his injuries. See Rinker v. Carnival Corp., 753 F. Supp. 2d 1237, 1242 (S.D. Fla. 2010) (plaintiff who contracted meningitis could not causally associate alleged lack of alleged precautions on ship with injuries).

## COUNT IV:
### Assumption of Duty (Failure to Adequately Warn Regarding Licensing)

This count alleges that Carnival breached a duty to "adequately warn Plaintiff that its [medical staff] did not have proper licenses to practice medicine and/or nursing, including, but not limited to, such licenses to practice medicine and/or nursing in the United States of America ..." There is no requirement that medical staff be licensed in the United States, in any specific state, or in the jurisdiction of the flag of the ship. Rinker v. Carnival Corp., 753 F. Supp. 2d 1237, 1242 (S.D. Fla. 2010) (holding no such duty exists). The duty, under maritime law, is to hire medical personnel who are competent and qualified. Id. This count, like the one before it, simply segues from allegations of negligence in the delivery of medical services to an allegation that Carnival

8

had a duty to warn of alleged insufficiencies in its staff's credentials. This is not a claim recognized in Florida law.

## COUNT V:
### Assumption of Duty (Failure to Adequately Warn Regarding Treatment)

This count alleges that Carnival breached a duty to "adequately warn Plaintiff that it was unable to ensure that Plaintiff would be promptly taken care of if he suffered another stroke, and by failing to warn Plaintiff that it was unable to ensure that it would fly him back to the United States for treatment if he was unable to be treated on the ship, and that he would instead be at the mercy of a medical facility at the closest port-of-call, and that Defendant could not ensure that he would receive the medical treatment he needed at any such medical facility." ¶ 91. This again is a variation on the "fraud by omission" theme only diluted even further to "negligence by omission." For the reasons stated above, there is no such duty owed by Carnival. This count is due to be dismissed.

## COUNT VI:
### Assumption of Duty (Leaving Port without Adequately Following Up)

This count alleges that Carnival "was negligent by having its ship leave Freeport, Bahamas, without having followed up on Plaintiff and/or otherwise ensuring that Plaintiff was receiving the medical attention he needed." ¶ 103. This count fails to state a cause of action as there is no such duty owed to Plaintiff. As was recognized in Franza v. Royal Caribbean Cruises, Ltd., 772 F. 3d 1225, 1253 (11th Cir. 2014), the duty to exercise ordinary care towards passengers is variable and is not subject to the same standard as would apply onshore. The caption of this count is inherently contradictory as the particular grievance is that Carnival did not adequately follow up once Plaintiff was transported to a hospital. There are no allegations of fact that Carnival undertook a duty to follow up and failed to use reasonable care in doing so. See Gharfeh v. Carnival

Corporation, 309 F. Supp. 3d 1317, 1327 (S.D. Fla. 2018) This count is due to be dismissed for failure to state a cause of action.

### COUNT XIX:
### Fraud

Plaintiff has slightly altered the allegations in this count to seek to conform to the Court's Order. He now characterizes the claim as one of fraudulent inducement rather than fraud by omission. What is utterly lacking, however, is any factual specificity. Carnival's original motion to dismiss laid out the elements of the claim and the respects in which the original complaint lacked detail. [DE 8 at pp. 8-14]. Those grounds are just as valid with respect to the amended version of the fraud count. The fraud count is based on vague allegations of a telephone call between a family member of Plaintiff and an "agent of Defendant." (P. 355) Due to expressed concerns about the Plaintiff's health, a travel insurance policy was offered, and purchased. Because Defendant "refused to fly [Plaintiff back to the United States" the allegation is that there was a deliberate scheme to induce Plaintiff to travel and to purchase an insurance policy that it knew "did not fulfill the purposes it lead [sic] him to believe it would fulfill." (PPs. 358-359)

Recognizing that the Court has deferred consideration of how this claim conflicts with the Ticket Contract, it should nonetheless be dismissed, with any option to replead conditioned on far more factually specific allegations and the travel insurance policy being presented as an exhibit. This is a serious claim to allege and it should not pass the motion to dismiss stage unless Plaintiff can credibly allege facts supporting the elements of fraudulent inducement. These would include:

> Who in his family made the booking arrangements for the cruise by telephone?
>
> With whom did that family member speak (a proper name, if known; if not was it a travel agent? Was it Carnival directly?
>
> When did this telephone call take place?

What specific statements were made by the parties to the telephone call with respect to the Plaintiff's medical condition and travel insurance?

What is the factual basis for the allegation that Carnival knew that it was making statements that were false?

What travel insurance policy was offered or recommended?

When was the cruise booked?

When was the travel insurance policy purchased?

What company was the issuer of the travel insurance policy?

From whom was the travel insurance policy purchased?

What were the terms and conditions of the policy? (**it should be attached**)

Whether Plaintiff made a claim under the travel insurance policy and if so, when, and what was the result?

What specific misrepresentations of fact were made on the telephone call that were inconsistent with the terms and conditions of coverage?

See Brown v. Oceania Cruises, Inc., No. 17-22645, 2017 WL 10379580, at *5 (S.D. Fla. 2017) (fraud claim survived motion to dismiss when brochure describing excursion was attached and complaint set forth "precisely what statements were made in what documents"). If this level of specificity is alleged, then the Court and Carnival can assess whether there is any basis on which this claim can proceed. The current oblique, vague and conclusory allegations fall far short of the standard.[2]

---

[2] Carnival reserves the right to seek to strike any damages alleged under this count, should it survive, which are inconsistent remedies allowable for a fraudulent misrepresentation claim. Balaschak v. Royal Caribbean Cruises, Ltd., No. 09-21196-CIV, 2010 WL 457137, at *2-3 (S.D. Fla. Feb. 4, 2010) (fraud actions protect economic interests, not "interests in personalty").

## **CONCLUSION**

For the foregoing reasons Defendant, CARNIVAL CORPORATION, respectfully requests that the Court consider sua sponte dismissal of the First Amended Complaint or, in the alternative, enter an Order dismissing Counts I, II, III, IV, V, VI and XIX of Plaintiff's First Amended Complaint.

                                                          Respectfully submitted,

                                                          s/ Valerie Shea
                                                          GOLDBERG SEGALLA, LLP
                                                          Valerie Shea, Esquire
                                                          Florida Bar No. 436800
                                                          Michael J. Drahos, Esquire
                                                          Florida Bar No. 0617059
                                                          222 Lakeview Avenue, Suite 800
                                                          West Palm Beach, FL 33401
                                                          Telephone: (561) 618-4450
                                                          Fax: (561) 618-4549
                                                          Email designations:
                                                          mdrahos@goldbergsegalla.com
                                                          lparker@goldbergsegalla.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 10, 2019, the foregoing document was electronically filed with the Clerk of the /court using CM/ECF to the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/Valerie Shea*
Valerie Shea

SERVICE LIST
CASE NO.: 1:19-cv-22917-JAL

Spencer M. Aronfeld, Esq.
Matthias M. Hayashi, Esq.
ARONFELD TRIAL LAWYERS
1 Alhambra Plaza / Penthouse
Coral Gables, FL 33134
Telephone: (305) 441-0440
Facsimile: (305) 441-0198
aronfeld@aronfeld.com
mhayashi@aronfeld.com